Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005354
28-FEB-2014
08:28 AM

NO. CAAP-13-0005354


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY K. MATA, SR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 13-1-0167)


ORDER GRANTING FEBRUARY 14, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's (Appellee State) February 14, 2014 motion to dismiss appellate court case number CAAP-13-0005354 for lack of appellate jurisdiction, (2) the lack of any memorandum by counsel for Defendant-Appellant Gary K. Mata, Sr. (Appellant Mata), in opposition to Appellee State's February 14, 2014 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Mata's appeal from the Honorable Randal G.B. Valenciano's December 11, 2013 "Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion to Dismiss Indictment Pursuant to Rule 48 and Speedy Trial" (the December 11, 2013 dismissal order), because the December 11, 2013 dismissal order does not contain a sentence, as Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2013) requires for an appeal from a circuit court criminal case.

"Appellate jurisdiction in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Baxley, 102 Hawai'i 130, 133, 73 P.3d 668, 671 (2003) (citations and internal quotation marks

omitted). The supreme court has

> enumerated several bases for jurisdiction from a circuit
> court judgment, stating that, in a criminal case, a
> defendant may appeal from the judgment of the circuit court
> . . . (1) pursuant to HRS § 641-11, (2) from an
> interlocutory order . . . pursuant to HRS § 641-17, (3) by
> virtue of the collateral order doctrine, . . .
> (4) by applying for a writ of prohibition or mandamus under
> HRS § 602-5(4), . . . and (5) by requesting exercise of this
> court's supervisory powers pursuant to HRS § 602-4[.]

Id. at 139, 73 P.3d at 677 (citations, internal quotation marks,
original brackets, and footnote omitted). Counsel for Appellant
Mata has not asserted that the relevant statute under the
circumstances of the instant case is any statute other than HRS
§ 641-11, which

> provides in part that any party deeming oneself aggrieved by
> the judgment of a circuit court in a criminal matter, may
> appeal to the supreme court. (Emphasis added.) Judgment is
> defined in HRS § 641-11 as the sentence of the court in a
> criminal case. Thus, by the terms of HRS § 641-11, the
> appealable action of the circuit court is the sentence. As
> we concluded in [State v.] Kealaiki[, 95 Hawai'i 309, 312,
> 22 P.3d 588, 591 (2001)], the sentence of the court in a
> criminal case is the judgment from which an appeal is
> authorized, and where there is no conviction and sentence
> . . . , there can be no appeal under HRS § 641-11 . . . .
> Accordingly, inasmuch as Defendant appeals from the judgment
> of acquittal, for which there is no sentence, there can be
> no jurisdiction under HRS § 641-11.

Baxley, 102 Hawai'i at 139-40, 73 P.3d at 677-78 (citations,
internal quotation marks, and original brackets omitted); see
also State v. Ferreira, 54 Haw. 485, 487, 510 P.2d 88, 89 (1973)
(Where a judgment of conviction does not include a sentence,
then, under HRS § 641-11, "for purposes of appeal, we are of the
opinion that the judgment entered in this case is not a final
judgment conferring appellate jurisdiction on this court."
(Footnote omitted)); State v. Johnston, 63 Haw. 9, 11, 619 P.2d
1076, 1077 (1980) ("In the instant case, appellant brought this
appeal from the First Circuit Court's order denying is motion to
dismiss the indictment. We hold that such an order is
interlocutory and is not a final order or judgment. It is
therefore not one that is appealable under HRS § 641-11."); State
v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) ("There
having been no conviction and sentence in this case, there can be
no appeal under HRS § 641-11 from the . . . order granting
Defendant's plea deferral").

2

In the instant case, the December 11, 2013 dismissal order finally ended this circuit court criminal case by dismissing Appellee State's indictment against Appellant Mata without prejudice. Understandably, the December 11, 2013 dismissal order contains no sentence, but the lack of any sentence in the December 11, 2013 dismissal order means that it does not qualify as an appealable judgment under the plain meaning of HRS § 641-11. Consequently, we lack appellate jurisdiction over Appellant Mata's appeal in appellate court case number CAAP-13-0005354. Accordingly,

IT IS HEREBY ORDERED that Appellee State's February 14, 2014 motion to dismiss appellate court case number CAAP-13-0005354 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-13-0005354 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 28, 2014.

Presiding Judge

Associate Judge

Associate Judge

3